ORDERED ACCORDINGLY.

Dated: November 20, 2018



Brenda K. Martin, Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

DANNIELLE MARIE PETERSON,

and

AARON JAMES PETERSON,

Debtor(s).

Chapter 13

Case No. 2-17-bk-04023-BKM

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPROVING MORATORIUM OF PLAN PAYMENTS**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Chapter 13 Plan ("Plan") of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|--------|--------|
| 1 | $100.00 |
| 2-4 | $ 00.00 |
| 5-39 | **$100.00** |

The payments are due on or before the 14th day of each month commencing May, 2017. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor(s) shall file with the Court pursuant to 11 U.S.C. §521(f) copies of their **Federal** income tax returns for post-petition years **2018 - 2019** within 30 days of filing them.(1) Treatment of postpetition state income tax returns will be handled pursuant to a final appellate order in/arising from case number 2-16-bk-12633-BMW.

(2) Other Property.                              **None**

(B) **DURATION.** This Plan shall continue for **39** months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. **David Allegrucci**, shall be allowed total compensation of **$00.00** through the plan. Counsel received $00.00 prior to filing this case and will be paid $1,500.00 outside the Plan by *Metlife Insurance Company* dba *Hyatt Legal Plans*.

(2) Claims Secured by Real Property:

**NONE**

(3) Claims Secured by Personal Property:

---

1 Petitioner(s) expressly reserve the right to assert their Thirteenth Amendment privilege from the U.S. Constitution against involuntary servitude, should the Chapter 13 Trustee attempt to modify their plan unilaterally and increase their monthly plan payments. The Petitioners further assert that they have not waived their Constitutional Right against involuntary servitude by voluntarily filing their bankruptcy petition. *In re* Clemente, 409 B.R. 288, 293 (Bankr. D. NJ 2009).

(3) <u>Claims Secured by Personal Property</u>:

   (a) **Southwest Finance**, secured by a lien in a 2002 *Ford Taurus*, shall be paid a secured claim of **$1,000.00** with **7%** interest. The creditor will receive adequate protection payments of **$10.00** per month. The balance of the debt shall be classified as unsecured. The Trustee has authority to pay on the secured debt owed to *Southwest Finance* even though this creditor has not filed a secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor.

   (b) **HLS of Nevada** aka **Nevada West Financial**, secured by a lien in a 2010 *Ford Edge*, has had its collateral surrendered to it and the automatic stay thereon was lifted pursuant to Court order at case docket number 28. The balance of the debt shall be classified as unsecured and paid pursuant to claim number 6-1.

(4) <u>Unsecured Priority Claims</u>:

**NONE**

(5) <u>Surrendered Property</u>.

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

The Debtor(s) will surrender 2010 **Ford Edge** in which *HLS of Nevada* aka *Nevada West Financial* has a security interest.

(6) <u>Other Provisions</u>: The provision in ¶ J(2) of the Plan regarding advance plan payments is hereby removed/withdrawn.

The Debtor(s) shall file with the court annually, not later than 45 days before the anniversary of the confirmation of the Plan, amended Schedules "I" and "J" or an equivalent statement showing the income and expenditures of the Debtor(s). The Debtor(s) shall also

—3—

*In re Peterson*
*Case No. 2-17-bk-04023-BKM*

comply with all other provisions of 11 U.S.C. §521(f)(4) and (g). The Trustee shall comply with 11 U.S.C. §521(f) and (g)(2).

Ms. Peterson shall notify the Chapter 13 Trustee when she is reemployed.

(7) <u>Unsecured Nonpriority Claims</u>. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate ***remains property of the bankruptcy estate*** upon confirmation, subject to the Trustee asserting a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306. Said claim of the Trustee also subject to the holding of *In re* Burgie, 239 B.R. 406, 410 (BAP 9th Cir. 1999) as to when a postpetition asset has to be turned over to a Chapter 13 Trustee by the debtors. The Debtor(s) further reserve the right to dismiss one or both of them from this proceeding pursuant to 11 U.S.C. §1307(b) if the postpetition property is sufficient to allow them to continue to reorganize their finances outside the bankruptcy process. Should one or both of the debtors exercise their statutory right of dismissal, based upon future events, they will assert at that time such a dismissal is in good faith because it is based upon events that could not be projected at the time of confirmation rendering *In re* Rosson , 545 F.3d 764 (9th Cir. 2008) inapplicable to such a request. Likewise, such future unknown property interests are not "known or virtually certain information about the debtor's future income or expenses" requiring an adjustment to their confirmed plan of reorganization. *In re* Lanning, 130 S.Ct. 2464, 2475 (2010).

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____

—4—

1

2
3   _[signature]_
4   David Allegrucci
    Attorney for Petitioner(s)
5

6   The debtor(s) certify: All required State and Federal income tax returns have
7   been filed. No domestic support obligation is owed or, if owed, such payments
    are current since the filing of the Petition.
8

9
10  _[signature]_
11  Debtor

12

13
14  _[signature]_
15
    Debtor
16

17

18

19

20

21

22

23

24

25

26

27
                                                                        *In re Peterson*
                                    —5—                          *Case No. 2-17-bk-04023-BKM*
28